IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30356
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CALVIN BROWN, JR.,

Defendant-Appellant,

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CR-194-3-G)
- - - - - - - - - -
July 9, 2001

Before DAVIS, WIENER, and STEWART, Circuit Judges.

WIENER, Circuit Judge:[*]

IT IS ORDERED that the petition for rehearing is granted for the limited purpose of correcting apparently misleading language on our part, specifically replacing the phrases "approximately 1½ kilograms" and "approximately 1.5 kilograms" — which appear several times on pages 19-21 of our panel opinion — with the exact number they were intended to represent, "1.6 kilograms." This was, in essence, a "rounding error."

In discussing the quantity of drugs attributed to Defendants

[*] Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. Rule 47.5.4.

Calvin Brown and Jesse L. Cage, we correctly concluded that, even were we to grant Defendants' contention that the package of cocaine discovered in Cage's vehicle when stopped on his journey from Houston to New Orleans contained less than the two kilograms claimed in the PSR (and adopted by the district court), the record "supports an inference that the packages amounted to approximately 1½ kilograms because that was the amount Easterling, the apparent prospective purchaser of these packages of cocaine, testified that he was buying."[1] The phrase "approximately 1½ kilograms," repeated on three occasions in the form "approximately 1.5 kilograms" in the subject pages of the opinion, was merely a shorthand approximation for "1.6 kilograms," the number correctly employed on page 22 of our opinion and the amount of cocaine Easterling testified to having purchased from Cage.

We now recognize that the difference between 1.5 and 1.6 kilograms is material to Brown's challenge of the district court's attribution to him of between 2 and 3.5 kilograms of cocaine for sentencing purposes. Because we realize that our rounding of the figure "1.6" to "approximately 1½" and "approximately 1.5" could cast doubt on our explanation why the district court did not reversibly err in attributing between and 2 and 3.5 kilograms of cocaine to Brown and sentencing him accordingly, we now replace that misleading language with "1.6 kilograms." Otherwise, our

_____

[1] Panel Opinion at 19.

2

decision stands.

It is so ORDERED.